UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| UNITED STATES | ) | |
| --- | --- | --- |
| | ) | |
| v. | ) | No. 1:15-cr-00002-1 |
| | ) | Judge Trauger |
| CHAD ALLEN MARTIN | ) | |

## MEMORANDUM OPINION AND ORDER

Pending before the court is letter from the defendant Chad Allen Martin requesting the court to lift the federal detainer on him. (Doc. No. 59). The defendant currently is an inmate of the Whiteville Correctional Facility in Whiteville, Tennessee.

**I.  Background**

The defendant entered a plea of guilty to distribution of child pornography and possession of child pornography for which the court sentenced him to a term of imprisonment of 240 months as to each count, to run concurrently. (Doc. No. 44). The defendant's federal sentence was to run concurrently with any sentence to be imposed arising from violations of his release on probation from his Maury County Criminal Court Docket No. 20441 and pending charges in Maury County General Sessions Court Docket Nos. 2015CR710 through 2015CR723. (*Id.*)

The defendant currently is incarcerated in the state correctional system and claims that, as a result of the federal sentence, a hold has been placed on him. As a result of the hold, five additional points have been added to his classification level. The defendant states that he would

1

"like to lose those 5 points since my time will end here." (Doc. No. 59 at 1). He also states that he "need[s] to know how to get [his] hold lifted since once states [sic] done feds done [sic]." (*Id*.)

By order entered on October 24, 2018, the court construed the letter as a motion to lift detainer and ordered the United States to respond to the motion. (Doc. No. 62). The United States responded, urging the court to deny the motion. (Doc. No. 64).

## II.   Analysis

On August 4, 2016, the court sentenced Martin to a 240 month sentence in the United States Bureau of Prisons. (Doc. Nos, 42, 44). This sentence was to run consecutively to Martin's state court sentence. (*Id*.) Martin is currently incarcerated in the state correctional system and claims that the federal detainer/hold placed on him has caused five additional points to be added to his state classification level. Although Martin does not elaborate, a fair inference to be drawn from his motion is that his classification level is not as favorable to Martin as the classification level he would otherwise enjoy but for the additional five points.

A federal detainer/hold is placed on a defendant by the United States Marshal Service to ensure that, after a defendant has served out his state sentence, he will transfer immediately into federal custody to begin serving his federal sentence. *See United States v. Hager*, No. 08-CR-197, 2009 WL 3188220, at *1 (E.D. Wis. Oct. 5, 2009). The federal detainer is required to ensure that the defendant is turned over to federal authorities upon his release from state custody. *See id.* When the defendant is released from state custody, the Bureau of Prisons will make an administrative determination as to whether any additional time in federal custody is required to satisfy the terms of the defendant's federal sentence. *See id.*

A federal detainer may not be vacated simply because the detainer negatively impacts the manner in which the defendant's state sentence is carried out, such as resulting in a defendant's ineligibility for early release from state custody. *See, e.g., Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976) ("Petitioner also argues that the pending warrant and detainer adversely affect his prison classification and qualification for institutional programs. We have rejected the notion that every state action carrying adverse consequences for prison inmates automatically activates a due process right."); *Lovingood v. Bureau of Prisons*, 2007 WL 4374049, at *2 (E.D. Ky. 2007) (finding that, even if court had subject matter jurisdiction over state prisoner's § 2241 petition, petitioner's claim that federal detainer lodged with state authorities should be released because it was adversely affecting his eligibility to participate in rehabilitative programs in state prison would be denied); *Hamrick v. Patton*, 2006 WL 2092392, *2 (E.D. Ky. 2006) ("Petitioner is further advised that to the extent he alleges that the pending detainer adversely affects his prison classification and qualification for institutional programs, such as the RDAP, his claim would suffer on the merits. Courts have rejected the notion that every state action carrying adverse consequences for prison inmates automatically activates a due process right."); *Johnson v. Wise*, No. CA 10-0123-WS-C, 2010 WL 3306920, at *6 (S.D. Ala. July 13, 2010) ("The mere fact that a detainer has adverse consequences upon a prisoner's eligibility for rehabilitative/institutional programs and prison classification does not implicate due process concerns."); *Hager*, 2009 WL 3188220, at *1 ("Unfortunately, it appears that the presence of the federal detainer carries with it the stigma of ineligibility for Wisconsin's early release program—a matter left to the prerogatives of the executive brand of state government, in this case, the Wisconsin Department of Corrections.").

To the extent Martin's motion also requests the court to calculate the credit he should receive on his federal sentence for the time Martin has spent and will spend in state custody, the court is without authority to grant Martin's request. The Supreme Court has held that the Attorney General, through the Bureau of Prisons, and not the district court, is authorized to grant a defendant credit for time served prior to sentencing under 18 U.S.C. § 3585. *See United States v. Wilson*, 503 U.S. 329, 335 (1992) (citing 18 U.S.C. § 3621(a) ("A person who has been sentenced to a term of imprisonment . . . shall be committed to the custody of the Bureau of Prisons until the expiration of the term imposed")); *Dillard v. United States*, No. 1:07-cv-74, 2008 WL 1930031, at *6 (E.D. Tenn. Apr. 30, 2008).

Although a prisoner may seek judicial review of the computation of this credit under 28 U.S.C. § 2241, he may do so only after he has sought administrative review and has exhausted all of his administrative remedies. *See McClain v. Bureau of Prisons*, 9 F.3d 503, 505 (6th Cir.1993); *Little v. Hopkins*, 638 F.2d 953, 953-54 (6th Cir. 1981). In addition, the defendant who files a § 2241 petition must be in the custody of the United States. Martin is in state custody pursuant to a criminal conviction of the State of Tennessee. The fact that he is serving his federal sentence concurrently with his state sentence affects does not alter the nature of his custody. *See Lovingood*, 2007 WL 4374049, at *2 (finding that court lacked subject matter jurisdiction over petitioner's habeas claims because, as a state prisoner serving his federal sentence concurrently with his state sentence, he was not in federal custody under 28 U.S.C. § 2241). Nor does the mere filing of a detainer transform petitioner's custody from state to federal in nature. *See id.* (citing *Zolicoffer v. Dep't of Justice*, 315 F.3d 538, 540 (5th Cir. 2003)); *Dillard*, at *7 ("The lodging of a federal detainer does not place a defendant into federal custody."). Given that Martin is not in the custody of the United States at this time and has not alleged the exhaustion of

his administrative remedies, it is not appropriate for the court to construe Martin's letter alternatively as a petition for habeas corpus relief under 28 U.S.C. § 2241.

**III.    Conclusion**

Accordingly, Martin's motion to lift hold/detainer is hereby **DENIED**.

It is so **ORDERED**.

_____
Aleta A. Trauger
United States District Judge